In re SPALDING.

(Circuit Court of Appeals, Second Circuit. November 24, 1906.)

No. 50.

BANKRUPTCY—RECEIVERSHIP—BOND FOR COSTS—LIABILITIES.

Bankr. Act July 1, 1898, c. 541, 30 Stat. 547, § 3e [U. S. Comp. St. 1901, p. 3423], requiring petitioners in an involuntary proceeding, where application is made to take charge of the property of the alleged bankrupt pending the hearing, to give a bond to the respondent conditioned, in case the petition is dismissed, for the payment of all costs, expenses, and damages occasioned by such seizure and detention, and providing that in case of such dismissal or the withdrawal of the petition the respondent or respondents shall be allowed all such costs, damages, etc., is to be construed together, and the only liability for such costs is upon the bond, which runs only in favor of the respondent or respondents who were such when it was given; any persons subsequently becoming respondents, if they desire to be protected, being required to move for an additional bond.

Petition for Review of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy. The following is the opinion of HOLT, District Judge:

I am unable to concur with the claim of counsel for W. & J. Sloane, that section 3e of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), contains two separate provisions; one embodying a liability on the part of the obligors in such bond, and one upon the petitioning creditors irrespective of the bond. I think that section 3e of the Bankruptcy Act, July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], creates only a liability under the bond.

The argument that the second paragraph creates a different liability from the first seems to me untenable. The fact that the second paragraph provides that all costs, etc., shall be allowed is based upon the assumption that a bond will be taken large enough to cover all costs. The fact that the second paragraph provides for counsel fees is immaterial. Counsel fees are merely an amplification of the term "costs, expenses, and damages," as used in the first paragraph, and would have been included in the same language in the second paragraph if the term "counsel fees" had been omitted. The use, in the second paragraph, of the term "the respondent or respondents" refers to those who were such when the bond was given. Any persons subsequently becoming respondents, who wish to be protected, can move for a new bond.

The fact that the first paragraph provides only for a case where the petition is dismissed, while the second paragraph provides also for a case where it is withdrawn by the petitioner, seems to me immaterial. A petition cannot be withdrawn by the petitioner without an order of the court dismissing it. I think that the whole section is to be construed together, and that the concluding words of the second paragraph, providing that the costs, etc., authorized by it shall be paid by the obligors in such bond, conclusively show that that is the correct construction. I entirely concur with the general reasoning of the referee in his report that, as the bond did not provide for an indemnity to W. & J. Sloane, they cannot collect any costs under section 3e, and that, in fact, there was no seizure, taking, or detention of the property of the bankrupt by the receiver in bankruptcy, but as such property remained in the custody of the receiver appointed in the state court no damage was caused to W. & J. Sloane, or to any one else, by any seizure or detention of the property by the receiver. I do not understand that the question is involved, upon the referee's report, whether W. & J. Sloane, as respondents, are entitled to the ordinary trial costs and disbursements as the successful party in the litigation.

The referee's report is confirmed.

Selden Bacon, for petitioner.
E. J. Myers, for respondent.
Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Order affirmed on opinion of Judge HOLT.